UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAWRENCE MALLY, on behalf of himself and all others similarly situated,<br><br>                                  Plaintiff,<br><br>        -against-<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, AND ALBERT LEUNG,<br><br>                            Defendants. | CIVIL ACTION NO. 07 CV 7097 |
| MILTON PFEIFFER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>                             Plaintiffs,<br><br>        -against-<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, AND ALBERT LEUNG,<br><br>                            Defendants. | CIVIL ACTION NO. 07 CV 7252 |

(Captions continued . . .)

**MEMORANDUM OF LAW IN SUPPORT OF MR. JOSEPH MUSTACHIA'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>**

ISAAC FISHMAN, CUSTODIAN FOR THE
IBF FOUNDATION, ON BEHALF OF
ITSELF and ALL OTHERS SIMILARLY
SITUATED,

                            Plaintiffs,           CIVIL ACTION NO. 07 CV 7312

           -against-

QIAO XING UNIVERSAL TELEPHONE,
INC., WU RUI LIN, WU ZHI-YANG,
ALBERT LEUNG, SONNY KWOK WING
HUNG, ZE YUN MU, YI HONG ZHANG
and GROBSTEIN, HORWATH &
COMPANY LLP,

                            Defendants.

MICHAEL LOCKE, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiff,

           -against-           CIVIL ACTION NO. 07 CV 7693

QIAO XING UNIVERSAL TELEPHONE,
INC., RUI LIN WU, ALBERT LEUNG, ZHI
YANG WU, SONNY KWOK WING HUNG,
ZE YUN MU, YI HONG ZHANG and
GROBSTEIN, HORWATH & COMPANY
LLP,

                            Defendants.

REUVEN LAPIN, individually and on behalf
of all others similarly situated,

                            Plaintiff,

           -against-           CIVIL ACTION NO. 07 CV 7829
                                       "ECF CASE"

QIAO XING UNIVERSAL TELEPHONE,
INC., RUI LIN WU, and ALBERT LEUNG,

                            Defendants.

<u>**TABLE OF CONTENTS**</u>

<u>**PAGE NO.**</u>

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ..................................................................................................... 1

PROCEDURAL BACKGROUND............................................................................... 2

STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT ............................................................................................................ 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED ........................................... 4

II.     MR. JOSEPH MUSTACHIA SHOULD BE APPOINTED LEAD PLAINTIFF ............. 5

        A.     The Procedure Required by the PSLRA ................................................ 5

        B.     Mr. Joseph Mustachia Satisfies the "Lead Plaintiff"
               Requirements of the PSLRA.................................................................... 6

               1.     Mr. Mustachia Has Complied with the PSLRA
                      and Should Be Appointed Lead Plaintiff .................................... 6

               2.     Mr. Mustachia Has the Largest
                      Financial Interest in the Relief Sought by the Class .................. 7

               3.     Mr. Mustachia Otherwise Satisfies Rule 23 ............................. 7

III.    THE COURT SHOULD APPROVE MR. MUSTACHIA'S
        CHOICE OF COUNSEL ................................................................................. 10

CONCLUSION.......................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

Page(s)

In re AMF Bowling Securities Litigation,
    99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949
    (S.D.N.Y. Mar. 25, 2002) .............................................................................................8

Bassin v. Decode,
    04 Civ. 7050, 2005 U.S. Dist. LEXIS 51
    (S.D.N.Y. Jan. 3, 2005) ...............................................................................................7

Bishop v. New York City Department of Housing Preservation and Development,
    141 F.R.D. 229 (S.D.N.Y. 1992) ...............................................................................9

In re Cavanaugh,
    306 F.3d 726 (9th Cir. 2002) ......................................................................................6

In re Century Business Services Securities Litigation,
    202 F.R.D. 532 (N.D. Ohio 2001) .............................................................................4

Ferrari v. Impath,
    03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 15, 2004) ............................................................................................7

Fischler v. Amsouth Bancorporation,
    96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875
    (M.D. Fla. Feb. 6, 1997) .............................................................................................8

Greebel v. FTP Software,
    939 F. Supp. 57 (D. Mass. 1996) ...............................................................................6

Johnson v. Celotex Corporation,
    899 F.2d 1281 (2d Cir. 1990),
    cert. denied, 498 U.S. 920 (1990) ..............................................................................4

Lax v. First Merchants Acceptance Corporation,
    97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 11, 1997) .....................................................................................4,7, 8

In re Livent, Inc. Noteholders Securities Litigation,
    210 F.R.D. 512 (S.D.N.Y. 2002) ...............................................................................9

Malasky v. IAC/Interactive Corporation,

04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004) .................................4

Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. LaBranche & Co.,
Inc.,
229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................7

Sczesny Trust v. KPMG LLP,
223 F.R.D. 319 (S.D.N.Y. 2004) ...........................................................7

In re Sumitomo Copper Litigation,
194 F.R.D. 480 (S.D.N.Y. 2000) ...........................................................8

In re Sumitomo Copper Litigation,
182 F.R.D. 85 (S.D.N.Y. 1998) ...........................................................9

Takeda v. Turbodyne Technologies, Inc.,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) .....................................................4

Zaltzman v. Manugistics Group, Inc.,
98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867
(D. Md. Oct. 8, 1998) ...................................................................8

## STATUTES

Private Securities Litigation Reform Act of 1995
15 U.S.C. § 78u-4(a)(3) ...................................................... passim

Federal Rules of Civil Procedure
§ 23(a)....................................................................... passim
§ 42(a).......................................................................4

iii

**MEMORANDUM OF LAW IN SUPPORT OF MR. JOSEPH MUSTACHIA'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Mr. Joseph Mustachia submits this memorandum of law in support of his motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) appointment of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against certain officers and directors of Qiao Xing Universal Telephone, Inc. ("Qiao Xing" or the "Company"), and the Company's auditor Grobstein, Horwath & Company LLP, for violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons, other than defendants, who acquired Qiao Xing common stock between June 30, 2004, and July 16, 2007, inclusive (the "Class Period") to recover damages caused by defendants' violations of the federal securities laws.

During the Class Period, the defendants issued to the investing public false and misleading financial statements and press releases concerning the Company's publicly reported revenues and earnings and true state of internal controls over financial reporting. These false statements caused the Company's stock to trade at artificially high levels. Once defendants disclosed the truth of the matter and that the Company lacked adequate internal controls and would restate three years of results, the Company's stock suffered a precipitous decline causally related to these revelations that cured the false information defendants placed in the market.

Mr. Joseph Mustachia an individual investor.  During the Class Period, Mr. Mustachia purchased 2,000 shares of Qiao Xing common stock and sustained losses of approximately $11,960 as a result of defendants' misconduct.  As a result, Mr. Mustachia believes that he suffered the largest financial interest in the litigation of any movant and otherwise qualifies as the most qualified lead plaintiff.

Apart from the substantial monetary loss suffered by Mr. Mustachia, he exemplifies the type of Lead Plaintiff Congress envisioned when crafting the PSLRA.  He executed an accurate and fulsome certification detailing his transactions in Qiao Xing common stock during the Class Period.  He has also indicated his willingness to serve as a Lead Plaintiff and serve on behalf of the Class and work closely with his selected counsel, Wolf Haldenstein, during the prosecution of this litigation.  Accordingly, this Court should grant Mr. Mustachia's application seeking an order appointing him Lead Plaintiff, as well as approval of his selection of Wolf Haldenstein as Lead Counsel for himself and the Class as set forth herein.

## PROCEDURAL BACKGROUND

On August 9, 2007, plaintiff Mally filed a complaint against the Company and certain of its officers and directors.  The Mally complaint alleges a class period of June 30, 2004, to July 16, 2007, inclusive.  Four additional complaints were commenced in this Court arising out of the same facts.  The separate complaints filed by plaintiffs Fishman and Locke also name the Company's auditor as a defendant.

Pursuant to the strictures of the PSLRA, on August 9, 2007, notice was published over a nationally recognized newswire advising the Class that a stockholder initiated a lawsuit against the Company and certain of its officers and directors.

In accordance with the PSLRA, Mr. Mustachia now timely moves to be appointed lead plaintiff in the consolidated actions and for Wolf Haldenstein to be appointed as Lead Counsel.

## STATEMENT OF FACTS

Qiao Xing, founded in 1992 by defendant Wu Rui Lin, engages in the manufacture and distribution of telecommunications products in the People's Republic of China. Its product portfolio includes telecommunications terminals and related products, including fixed wireless phones; VoIP telephones; advanced mobile phones; and PDAs and consumer electronic products, including MP3 players, cash registers, and set-top-box products. The company also designs GSM mobile phones. In addition, it engages in the research and development, and distribution of mobile phones; and the design and distribution of fixed line telephones, wireless telephones, and fax machines. Qiao Xing distributes its products through independent regional distributors, as well as after-sales service centers, including wholesale agencies.

Throughout the Class Period, defendants filed numerous financial statements and reports with the SEC that described the Company's alleged financial performance in both a false and overly positive light. These public statements were materially false and misleading because defendants failed to disclose that the Company lacked adequate internal controls that rendered it impossible for defendants to ascertain the Company's true financial condition. As a consequence, the Company was unable to quantify with any veracity its net income or the fair value of acquired assets.

As a result of the foregoing, the Company reported overstated financial results and concealed from the investing public, including Mr. Mustachia and other members of the Class, that the Company had calculated its financial results by using both inaccurate assumptions and faulty valuation methodologies. Concomitantly, the Company's stock traded at artificially inflated levels during the Class Period.

3

On July 17, 2007, defendants disclosed the true state of the Company's fiscal affairs. On that day, defendants filed a Form 20-F filed with the SEC. The documents revealed for the first time the Company's myriad material weaknesses in its internal controls over its financial reporting. It also disclosed that the Company would restate its financial data for the three years ended December 31, 2005. These revelations, curing the false information placed into the market by defendants, prompted the Company's common stock to decline precipitously and caused stockholders to suffer substantial financial damage. Lawsuits ensued.

## ARGUMENT

## I.    The Actions Should Be Consolidated

The Actions involve class action claims on behalf of all purchasers of Qiao Xing common stock during the Class Period that assert similar and essentially overlapping class claims. [1] Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). The consolidation test has been met and it is highly unlikely that defendants will take a counter position. Accordingly, consolidation is appropriate.

---

[1] The slight differences among class periods do not pose an obstacle to consolidation. See e.g., Malasky v. IAC/Interactive Corp, 04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832, at *6 (S.D.N.Y. Dec. 21, 2004) ("Although some of the complaints identify the class period as commencing on July 19, 2001 while the others identify the commencement date as March 19, 2003, all of the complaints rest on the same fundamental allegations that defendants released fraudulent press releases . . ."); In re Century Bus. Servs. Sec. Litig., 202 F.R.D. 532, 537 (N.D. Ohio 2001) (consolidating actions alleging varying class periods); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129 (C.D. Cal. 1999) (same); Lax v. First Merchants Acceptance Corp., 97 Civ 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) (same). These, and any other differences, will be mooted by the filing of an amended complaint by the Lead Plaintiff.

## II.    Mr. Joseph Mustachia Should Be Appointed Lead Plaintiff

### A.    The Procedure Required by the PSLRA

The PSLRA established procedures that govern the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, notice of a related action was published via Market Wire on August 9, 2007.  See Bruckner Decl., Ex. 1

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead plaintiff, whether or not they previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D.

Mass. 1996).  See also In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up

a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the

lead plaintiff."  Nevertheless, the Court may consider other factors in addition to the size of the

loss.  These considerations include whether under Rule 23, the candidate is a typical and

adequate representative.  Moreover, even if a movant does not have the largest loss *per se*, it may

rebut the presumption afforded the larger stockholder by demonstrating that the larger

stockholder does not satisfy Rule 23 or that the movant is otherwise more adequate.

**B.    Mr. Joseph Mustachia Satisfies the**
**"Lead Plaintiff" Requirements of the PSLRA**

**1.    Mr. Mustachia Has Complied with**
**the PSLRA and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Mr. Mustachia timely moved to be appointed

lead plaintiff.[2]  He signed and filed a certification stating that: (i) he has reviewed the complaint

filed in this action; and (ii) is willing to serve as a representative party on behalf of the Class.

See Bruckner Decl., Ex. 2.  In addition, Mr. Mustachia selected and retained experienced and

competent counsel to represent himself and the Class.  See Bruckner Decl., Ex. 4.

Accordingly, Mr. Mustachia satisfied the individual requirements of 15 U.S.C. § 78u-

4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection

of counsel, as set forth herein, considered and approved by the Court.

---

[2] October 8, 2007, the 60th day after publication of the first notice, was a Court holiday.  Therefore,
pursuant to the local rules, this Motion is being filed on October 9, 2007.

2.    **Mr. Mustachia Has the Largest**
**Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.  "In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Bassin v. Decode, 04 Civ. 7050, 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005).  See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); Ferrari v. Impath, 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *4 (S.D.N.Y. July 15, 2004).

During the Class Period, as evidenced by the accompanying signed certification, Mr. Mustachia acquired 2,000 shares of Qiao Xing common stock and suffered $11,960 in losses as a result of Defendants' misconduct.  Mr. Mustachia therefore has the most significant financial interest in this case.  Mr. Mustachia has not received notice of any other applicant that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock.

3.    **Mr. Mustachia Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, 96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc., 98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Mr. Mustachia satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re AMF Bowling Securities Litigation, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, *12 (S.D.N.Y. Mar. 26, 2002); In re Sumitomo Copper Litigation, 194 F.R.D. 480, 482 (S.D.N.Y. 2000). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. See In re AMF Bowling Securities Litigation, 2002 U.S. Dist. LEXIS 4949. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the

named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992).

See also In re Sumitomo Copper Litigation, 182 F.R.D. 85, 92 (S.D.N.Y. 1998) (Noting that "[i]t is well settled in this Circuit that factual differences in the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns will not defeat class action certification when plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class.")

Mr. Mustachia seeks to represent a class of all persons, other than Defendants, who acquired Qiao Xing common stock during the Class Period, who have identical, non-competing and non-conflicting interests. Mr. Mustachia satisfies the typicality requirement because he: (i) acquired Qiao Xing common stock during the Class Period; (ii) at a price allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Mr. Mustachia arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. In re Livent, Inc. Noteholders Securities Litigation, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. In re Livent, 210 F.R.D. at 512.

Mr. Mustachia is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Mustachia, his interests are clearly aligned with the members of the proposed

class, and there is no evidence of any antagonism between his interests and those of the proposed class.  In addition, Mr. Mustachia's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Mr. Mustachia prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

Mr. Mustachia, therefore, satisfies all of the PSLRA's prerequisites and the practices of this judicial district for appointment as Lead Plaintiff and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B), of a class consisting of all persons that purchased Qiao Xing common stock from June 30, 2004 through July 16, 2007, inclusive.

### III.    The Court Should Approve Mr. Mustachia's Choice Of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent.  Mr. Mustachia has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class.  Wolf Haldenstein has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts.  See Bruckner Decl., Ex. 4.

Because there is nothing to suggest that Mr. Mustachia or their counsel will not fairly and adequately represent the Class, or that Mr. Mustachia is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Mr. Mustachia as Lead Plaintiff and approve Wolf Haldenstein as Lead Counsel for the Class.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Mustachia requests that the Court: (i) consolidate the above-captioned actions; (ii) appoint Mr. Mustachia as Lead Plaintiff in the Action; and (ii) approve Mr. Mustachia's selection of Wolf Haldenstein as Lead Counsel for the Class.


Dated: October 9, 2007
      New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

By: _____    /s/_____
Gregory M. Nespole (GN 6820)
Gustavo Bruckner (GB-7701)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

/490126

**Proposed Lead Counsel**

11