**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE MALLY, Individually and on Behalf of All others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG,<br><br>Defendants | ) Civil Action No. 1:07-cv-7097 (DLC) |
| MILTON PFEIFFER, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG,<br><br>Defendants | ) Civil Action No. 1:07-cv-7252 (DLC) |

(additional captions listed on the following page)

**MEMORANDUM OF LAW IN SUPPORT OF PELO a.s. TO CONSOLIDATE, TO BE APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ISAAC FISHMAN, Custodian for the IBF Foundation,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., WU RUI LIN, WU ZHI-YANG, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, Grobstein Horwatht Co. LLP<br><br>Defendants. | ) Civil Action No. 1:07-cv-7312 (DLC) |
| MICHAEL LOCKE, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., WU RUI LIN, WU ZHI-YANG, ALBERT LEUNG, SONNY KWOK WING HUNG, ZE YUN MU, YI HONG ZHANG, Grobstein Horwatht Co. LLP<br><br>Defendants. | ) Civil Action No. 1:07-cv-7693 (DLC) |
| REUVEN LAPIN, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIAO XING UNIVERSAL TELEPHONE, INC., RUI LIN WU, ALBERT LEUNG,<br><br>Defendants. | ) Civil Action No. 1:07-cv-7829 (DLC) |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

PROCEDURAL HISTORY ...........……………………………………………………………2

STATEMENT OF FACTS ……………………………………………………….…………3

POINT I
CONSOLIDATION IS APPROPRIATE ……………………………………………………4

POINT II
MOVANT MEETS THE PSRLA'S REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF …..5

A. THE PSLRA'S PROCEDURAL REQUIREMENTS ……….……………………………………..5

B. MOVANT HAS MOVED TO BE APPOINTED LEAD PLAINTIFF …… …..……….……………..6

C. Movant Has the Largest Financial Interest
In This Litigation ………………………….……………………….………………..7

D. Movant Otherwise Satisfies the
Requirements of Rule 23 of the Federal Rules of Civil Procedure.………………………7

E. Movant is the Type of Lead Plaintiff Envisioned by the PSLRA ……….………………9

POINT III
MOVANT'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED ……….……………………10

CONCLUSION ……………………………………………………………………………11

# TABLE OF AUTHORITIES

## Cases

*Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562 (S.D.N.Y. 1984) ............................ 8

*Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126 (E.D.N.Y. 2003)................................. 9

*Bassin v. deCODE Genetics*, 230 F.R.D. 313 (S.D.N.Y. 2005) ................................................. 6

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*, 141 F.R.D. 229 (S.D.N.Y. 1992).......... 8

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y.2007)........................................................................ 5

*Pirelli Armstrong Tire Group Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004)............................................................................................ 6, 8

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) ................................................. 8

*Strougo v. Brantley Cap. Corp.*, 243 F.R.D. 100 (S.D.N.Y. 2007)............................................ 10

*Walsh v. Northup Grumman Corp.*, 162 F.R.D. 440 (E.D.N.Y. 1995) ........................................ 9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)........................................................................................ passim

Section 21D(a)(3)(B)(ii) of the Exchange Act............................................................................... 5

## Rules

Fed. R. Civ. P. 23.......................................................................................................passim

Fed. R. Civ. P. 42(a) ....................................................................................................... 4

Class member PELO a.s. ("PELO" or "Movant") submits this Memorandum of Law in Support of the Movant's Motion to Consolidate, to Be Appointed Lead Plaintiff, and for Approval of Its Selection of Lead Counsel.

## INTRODUCTION

Movant brings this action against Qiao Xing Universal Telephone, Inc. ("Qiao Xing"), and certain officers and directors of Qiao Xing, on behalf of all persons or entities who purchased Qiao Xing securities during the period June 30, 2004 to July 16, 2007, inclusive (the "Class Period"). Excluded from the class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. The Class is seeking redress pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Movant purchased a total of 100,000 shares during the Class Period, and suffered approximate losses[1] of $337,000 as a result of Defendants' misconduct. In Point I, Movant argues that consolidation is appropriate because the actions involve common questions of law or fact. In Point II, Movant argues that it should be appointed Lead Plaintiff because Movant: (a) timely moved for appointment as Lead Plaintiff; (b) suffered losses of approximately $337,000 in connection with the transactions in Qiao Xing securities during the Class Period, and thus has a substantial financial interest in this litigation; and (c) will adequately represent the interests of

[1] The losses suffered are not the same as PELO's legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's securities. *See* Declaration of Brian Murray in Support of PELO a.s. Motion to Consolidate, to be Appointed Lead Plaintiff and for Approval of its Selection of Lead Counsel, executed on October 9, 2007 (the "Murray Declaration"), Exhibits B and C.

the Class. *See* 78u-4(a)(3)(B)(iii). In Point III, Movant argues that its selection of Murray Frank & Sailer LLP as Lead Counsel for the Class should be approved by the Court because, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), i) the presumptive Lead Plaintiff selects Lead Counsel and ii) because Murray Frank & Sailer LLP has extensive experience in the prosecution of securities class actions and will more than adequately represent the interests of all Class members.

## PROCEDURAL HISTORY

On August 9, 2007, the plaintiff in *Lawrence Mally v. Qiao Xing Universal Telephone, Inc. et al.*, 07-cv-7097 (DLC) filed a class action complaint asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The complaint alleged that from June 30, 2004 to July 16, 2007, the Company and certain others made materially false and misleading statements regarding the Company's consolidated financial statements for 2003, 2004, and 2005. Subsequently, four additional complaints were filed against Qiao Xing and various other defendants.

Pursuant to Section 21D(a)(3)(A) of the Exchange Act, 15 U.S.C. § 78u 4(a)(3)(A), on August 9, 2007, a notice was published over MARKET WIRE, a widely-circulated national business-oriented wire service, advising investors of the pendency of the action, the claims asserted therein, the purported class period, and their right to move this Court to be appointed lead plaintiff no later than October 8, 2007.[2] A copy of the notice is attached to the Murray Declaration as Exhibit A.

[2] October 8, 2007 was Columbus Day, a court holiday, so the correct date for filing is October 9, 2007. *See* Fed. R. Civ. P. 6.

On August 20, 2007, this Court ordered that a hearing be held that on October 26, 2007, at 4 p.m, to consider any motions for appointment of lead plaintiff and lead counsel and for consolidation.

PELO purchased shares of Qiao Xing during the Class Period, and now moves to be appointed Lead Plaintiff. PELO's certification, signed by Jindrich Skokan, is attached to the Murray Declaration as Exhibit B. A chart demonstrating PELO's losses is attached to the Murray Declaration as Exhibit C.

**STATEMENT OF FACTS**

Qiao Xing is a British Virgin Islands company, founded in 1992 by defendant Wu, that engages in the manufacture and distribution of telecommunications products in the People's Republic of China. Its products portfolio includes telecommunications terminals and related products, fixed wireless phones, VOIP telephones, advanced mobile phones, and PDAs and consumer electronic products, including MP3 players, cash registers, and set-top-box products. The Company also designs GSM mobile phones. In addition, it engages in the research, development, and distribution of mobile phones and the design and distribution of fixed line telephones, wireless telephones, and fax machines. Qiao Xing distributes its products through independent regional distributors, as well as after-sales service centers, including wholesale agencies.

During the Class Period, Qiao Xing made numerous SEC filings and issued numerous press releases discussing Qiao Xing's financial condition. These SEC filings and press releases were materially false and misleading when issued because they misrepresented and failed to disclose the following material adverse facts: (a) the Company's financial statements were not prepared in accordance with GAAP; (b) the Company's internal controls over financial reporting

were materially defective, and (c) the Company's reported net income was materially overstated during the relevant time, and the Company's reported net loss for the year ended December 31, 2003 was materially understated.

On July 17, 2007, before the market opened, the Qiao Xing filed a Form 20-F with the SEC, announcing that "it filed with (the) SEC a Form 20-F to release its 2006 annual report and to restate its financial data for the years 2005, 2004 and 2003." The Form 20-F described adjustments that would, among other things, reduce net income by Rmb 3,798,000 in 2005, Rmb 21,458,000 in 2004, and Rmb 16,287,000 in 2003. In response to these announcements, on July 17, 2007, the price of Qiao Xing common stock declined from $13.97 per share the day before, to close at $11.04 per share (a 21% drop), on extremely heavy trading volume.

## POINT I

## CONSOLIDATION IS APPROPRIATE

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact. Movant asks this Court to consolidate all related actions with this action, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of Qiao Xing which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) and/or 20(a) of the Exchange Act.

The class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of

conduct, as described above. Thus, since the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery motions and class certification issues, and by reducing the waste, confusion, and delay that could result from multiple trials. Where "the complaints are based on the same 'public statements and reports,' consolidation is appropriate if the actions present common questions of law and fact and if the parties will not be prejudiced." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (Buchwald, J.).

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must decide this motion to consolidate before determining the Lead Plaintiff.

**POINT II**

**MOVANT MEETS THE PSRLA'S**
**REQUIREMENTS FOR APPOINTMENT AS LEAD PLAINTIFF**

Movant should be appointed lead plaintiff of the Class because it has complied with all of the PSLRA's requirements for appointment as lead plaintiff, has demonstrated the largest financial interest of plaintiffs for the Class in this litigation, and otherwise meets the relevant requirements of Fed. R. Civ. P. 23 within the meaning of the Exchange Act.

**A. The PSLRA's Procedural Requirements**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Securities Act and/or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the *Mally* action caused such notice to be published on August 9, 2007. *See* Murray Declaration, Exhibit A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class

may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii); *see generally Bassin v. deCODE Genetics*, 230 F.R.D. 313 (S.D.N.Y. 2005) (Holwell, J.); *Pirelli Armstrong Tire Group Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 403-04 (S.D.N.Y. 2004) (Sweet, J.).

**B. <u>Movant Has Moved To Be Appointed Lead Plaintiff</u>**

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A) and (B) expires on October 9, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

PELO a.s., through Jindrich Skokan, a member of its Board of Directors, has duly signed a certification stating that it has reviewed the complaint filed in the action and is willing to serve

as representative parties on behalf of the Class. *See* Murray Declaration, Exhibit B. In addition, Movant has selected and retained experienced and competent counsel to represent it and the Class. *See* Murray Declaration, Exhibit D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §§ 78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### C. Movant Has The Largest Financial Interest In This Litigation

According to 15 U.S.C. §§ 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased a total of 100,000 shares of Qiao Xing during the Class Period and suffered losses of approximately $337,000 as a result of Defendants' misconduct. *See* Murray Declaration, Exhibit C. Movant has a significant financial interest in this case.

Movant has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's securities. Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff of the Class in this action and should be appointed pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B).

### D. Movant Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §§ 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412.

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff of the Class. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992); *Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Movant seeks to represent a class of all purchasers of the Qiao Xing securities during the Class Period who have identical, non-competing, and non-conflicting interests. Movant satisfies the typicality requirement because it: (i) purchased Qiao Xing common shares; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by

Movant "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Walsh v. Northup Grumman Corp*., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Babcock v. Computer Assocs. Int'l.*, 212 F.R.D. at 131 (citation omitted).

Here, Movant is an adequate representative of the Class. As evidenced by the injury suffered by Movant, who purchased common shares at artificially inflated prices caused by Defendants' violations of the federal securities laws, the interests of Movant are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class. In addition, as shown below, Movant's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

**E. As an Institutional Investor, Movant is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA**

Furthermore, PELO, as an institutional investor, is precisely the type of lead plaintiff movant envisioned by Congress when the PSRLA was enacted. The Congressional objective in enacting the lead plaintiff provisions of the PSLRA was to encourage large, organized institutional investors to play a more prominent role in securities class actions. See H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors,

which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with backgrounds in the securities market are more apt to effectively manage complex securities litigation. *See Strougo v. Brantley Cap. Corp.*, 243 F.R.D. 100, 103-04 (S.D.N.Y. 2007) (movant's "role as an institutional investor with fiduciary responsibilities makes it particularly well suited to represent the interests of its client investors") (Robinson, J.).

PELO is a privately-held institution which manages its own assets. It made a sizeable investment in Qiao Xing and lost hundreds of thousands of dollars. It is precisely the type of lead plaintiff Congress was looking for.

## POINT III

### MOVANT'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §§ 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movant has selected and retained Murray, Frank & Sailer LLP to serve as Lead Counsel for the Class. Murray, Frank & Sailer LLP has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Murray Declaration, Exhibit D.

**CONCLUSION**

Movant has moved to be appointed Lead Plaintiff for the Class, has the largest financial interest in this litigation, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, this action should be consolidated, Movant should be appointed Lead Plaintiff of the Class, and its selection of Murray, Frank & Sailer LLP as Lead Counsel for the Class should be approved by the Court.

Dated: October 9, 2007
New York, New York

**MURRAY, FRANK & SAILER LLP**

By: /s/
Brian P. Murray (BM-9954)
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

**Proposed Lead Counsel for the Class**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that a true and correct copy of the above and foregoing MEMORANDUM OF LAW IN SUPPORT OF PELO A.S. TO CONSOLIDATE, TO BE APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL was served by electronic filing to registered users in this action, and by regular United States mail, postage prepaid, this 9th day of October, 2007, to the following:

### Plaintiffs' Counsel

| | |
|---|---|
| Frederick S. Fox, Esq.<br>**Kaplan, Kaplan, Fox & Kilsheimer LLP**<br>850 Third Avenue<br>14th Floor<br>New York, NY 10022<br>Tel: (212) 687-1980<br>Fax: (212) 687-7714 | Marc I Gross, Esq.<br>**Pomerantz Haudek Block Grossman & Gross LLP**<br>100 Park Avenue, 26th Floor<br>New York, NY 10017<br>Tel: (212)661-1100<br>Fax: (212) 661-8665 |
| Gregory M. Nespole , Esq.<br>**Wolf Haldenstein Adler Freeman & Herz LLP**<br>270 Madison Avenue<br>New York, NY 10017<br>Tel: (212) 545-4600<br>Fax: (212) 545-4693 | Evan J Smith, Esq.<br>**Brodsky & Smith, L.L.C.**<br>240 Mineola Blvd.<br>Mineola, NY 11501<br>Tel: (516) 741-4977<br>Fax: (516) 741-0626 |
| Jacob T. Fogel, Esq.<br>**Law Office of Jacob T. Fogel, P.C.**<br>32 Court Street<br>Suite 602<br>Brooklyn, NY 11201 | Richard Maniskas, Esq.<br>**Schiffrin & Barroway LLP**<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667.7706<br>Fax: (610) 667.7056 |

**Defendants and or Defendants' Counsel**

| | |
|---|---|
| Jack C. Auspitz, Esq.<br>**Morrison & Foerster LLP**<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Tel: (212) 468-8046<br>Fax: (212) 468-7900<br><br>**Counsel for Qiao Xing Universal Telephone, Inc. and Albert Leung, Sonny Kwok Wing Hung, Wu Rui Lin, Wu Zhi-Yang, Yi Hong Zhang, Ze Yun Mu, Rui Lin Wu, Zhi Yang Wu,** | **Grobstein, Horwath & Co. LLC**<br>15233 Ventura Blvd.<br>9th Floor<br>Sherman Oaks, CA 91403<br>Tel: (818) 501-5200<br>Fax: (818) 907-9632 |
| Albert Leung<br>c/o Qiao Xing Universal Telephone, Inc.<br>Qiao Xing Science Indus. Park<br>Tang Quan<br>Huizhou City<br>Guangdong, China 516 023 | |

/s/
Thomas J. Kennedy