# Exhibit D

# Murray, Frank & Sailer LLP

275 Madison Avenue, Suite 801
New York, New York 10016
Telephone: (212) 682-1818
U.S. Toll Free: (800) 497-8076
Facsimile: (212) 682-1892
info@murrayfrank.com
www.murrayfrank.com

**M**URRAY, FRANK & SAILER LLP concentrates its practice in class action litigation, particularly in cases involving federal securities law, federal antitrust law, ERISA, and state consumer protection law.

## SECURITIES FRAUD

Murray, Frank & Sailer has been lead, co-lead counsel, a member of the executive committee, or represented a class representative in successful securities actions throughout the United States, including the following:

*In re Royal Ahold Securities Litigation* (D. Md.) (recovery of $1.1 billion); *In re Williams Sec. Litig.* (N.D. Okla.) ($311 million); *In re JWP Inc. Sec. Litig.* (S.D.N.Y.) ($40 million); *In re Turkcell Iletisim Hizmetleri A.S. Sec. Litig.* (S.D.N.Y.) ($19.2 million); *In re PictureTel Inc. Sec. Litig.* (D. Mass.) ($14 million); *In re Marion Merrell Dow Inc. Sec. Litig.* (W.D. Mo.) ($14 million); *LaVallie v. Owens-Corning Fiberglas Corp.* (N.D. Ohio) ($10 million); *In re USX Sec. Litig.* (W.D. Pa.) ($9 million); *Miller v. Bonmati* (Del. Ch.) ($9.9 million); *Feiner v. SS&C Tech., Inc.* (D. Conn.) ($8.8 million); *In re ContiFinancial Sec. Litig.* (S.D.N.Y.) ($5.5 million); *In re EIS Int'l Inc. Sec. Litig.* (D. Conn.) ($3.8 million); *In re Quintiles Transnational Sec. Litig.* (M.D.N.C.) ($3 million); *In re Citadel Software Inc. Sec. Litig.* (N.D. Tex.) ($1.75 million).

The firm is currently lead or co-lead counsel in many cases, including the following:

*In re Merrill Lynch Inc. Research Reports Securities Litigation* (S.D.N.Y.) (recently settled for $125 million); *In re General Motors Corp. Sec. Litig.* (E.D. Mich.); *In re Xybernaut Corp. Securities MDL Litigation* (E.D. Va.); *The 60223 Trust v. Goldman Sachs & Co.* (S.D.N.Y.); *In re Harley-Davidson, Inc. Sec. Litig.* (E.D. Wis.); *Amalgamated Bank v. The Coca-Cola Company* (N.D. Ga.); *In re Infineon Technologies AG Sec. Litig.* (N.D. Cal.); *Lowry v. Andrx Corp.* (S.D. Fla.); *In re Crompton Sec. Litig.* (D. Conn.); *In re Ramp Corp. Sec. Litig.* (S.D.N.Y.); *In re Credit Suisse First Boston Corp. (Lantronix, Inc.) Analyst Sec. Litig.* (S.D.N.Y.); *Brody v. Zix Corp.* (N.D. Tex.); and *Scapini v. Argentina* (S.D.N.Y.).

Murray, Frank & Sailer also represented institutional plaintiffs in individual actions against AOL Time Warner and Royal Dutch Petroleum for violations of the United States securities laws.

## ANTITRUST

Murray, Frank & Sailer has also represented plaintiffs in federal and state class actions arising out of antitrust law violations, including the *Infant Formula, Brand Name Pharmaceutical, Nasdaq, VISA/Master-Card, Playmobil, Disposable Contact Lens,* and *Time Warner* cases.

Murray, Frank & Sailer is currently counsel in many cases involving Sherman Act violations including: *In re American Express Antitrust Litigation* (S.D.N.Y.); *In re Linens Antitrust Litig.* (S.D.N.Y.); *Schwartz v. The Thompson Corp.* (S.D.N.Y.); *In re Hydrogen Peroxide Antitrust Litig.* (E.D. Pa.); *In re Air Cargo Carrier Antitrust Litig.* (E.D.N.Y); *Slattery v. Apple Computer Inc.* (N.D. Cal.); *Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* (E.D.N.Y.); *McDonough v. Toys "R" Us* (E.D. Pa.).

In the *Playmobil* case, Murray, Frank & Sailer was co-lead counsel, representing a class of purchasers of Playmobil products. Murray, Frank & Sailer was successful in obtaining certification of a plaintiff class in an oft-cited opinion and settling the case on favorable terms to the class. The Court, at the fairness hearing, "compliment[ed] both counsel in the fine job done negotiating with each other and also the legal work that has been submitted to the Court." In the *Disposable Contact Lens* case, Murray, Frank & Sailer represented a class of purchasers of disposable contact lenses in California, and eventually obtained reversal in the California appellate courts of a denial of class certification. In the *Time Warner* case, Murray, Frank & Sailer was co-lead counsel, representing a class of subscribers of Time Warner's high speed internet service. Murray, Frank & Sailer successfully overcame an arbitration clause and obtained favorable settlement for the class.

## CONSUMER PROTECTION

In the consumer protection area, Murray, Frank & Sailer as lead counsel has represented consumers in class actions involving, *inter alia,* misleading uniform public statements concerning wrongful billing practices and poor service by wireless communications providers; wrongful billing practices by credit card companies, banks and retailers; mislabeling of imported olive oil; mislabeling of domestic pasta; brokerage fees imposed with no or insufficient notice; Medicaid overcharges; and faulty automobile seat heaters.

Among its cases of note, Murray, Frank & Sailer recovered benefits worth $40 million in *Naevus Int'l v. AT&T Corp.*, a consumer class action brought in New York State Supreme Court on behalf of consumers who subscribed to AT&T's Digital One Rate wireless service. In 2005, the firm settled with Volkswagen of America, forcing a recall

2

of all 2003 and 2004 Volkswagen Jettas for faulty automobile seat heaters.

In *Sclafani v. Barilla America, Inc.*, a consumer class action brought in New York State Supreme Court on behalf of consumers who purchased Barilla brand pasta, MFS successfully argued that Barilla's packaging misled consumers into believing the company's pasta was made in Italy, obtaining a reversal of a trial court dismissal.

Similarly, in *Lomenzo v. Bertolli USA Inc.*, a consumer class action brought in New York State Supreme Court on behalf of consumers who purchased Bertolli brand olive oil, MFS successfully argued that Bertolli's labeling misled consumers into believing the company's olive oil was Italian.

## ERISA

Murray, Frank & Sailer is prosecuting several actions in federal court against employers on behalf of employees for employee investment fund mismanagement; knowingly offering, marketing, and selling improper investments to employees for their retirement accounts; and knowingly misrepresenting the prospects of the employees' company in order to sell company stock to them. The firm is currently co-lead counsel in the *Winn-Dixie Stores, Inc. ERISA Litig.* (S.D. Fla.) and plaintiffs class counsel in *In re AON ERISA Litig.* (N.D. Ill.); *In re Cardinal Health, Inc. ERISA Litig.* (S.D. Ohio).

## FIRM HIGHLIGHTS

Murray, Frank & Sailer filed over 120 securities class actions in 2004 and over 100 cases in 2005. In Verteris's "Securities Class Action: Plaintiffs' Counsel Watch," Q2, 2005 Report, MFS was ranked fourth in "Plaintiffs' Counsel Litigation Activity Index" and "Plaintiffs' Counsel by Total Unique Actions," and fifth in "Plaintiffs' Counsel Based on Lead Plaintiff Appointments." In ISS's "Accountability Goes Global," May 2007 Report, MFS was ranked fifth in representing international lead plaintiff movants. MFS is also a member of the Executive Committee of the National Association of Shareholder and Consumer Attorneys (NASCAT).

## MAJOR ONGOING CASES

*Brody v. Zix Corp.* (N.D. Tex) – MFS is co-lead counsel representing a class of investors of Zix Corp. securities;

*Lowry v. Andrx Corp.* (S.D. Fla.) – MFS is lead counsel representing a class of investors of Andrx Corp. securities;

*In re Infineon Technologies A.G. Securities Litigation* (N.D. Cal.) –

3

MFS is co-lead counsel representing a class of investors of Infineon Technologies securities;

*In re Xybernaut Corp. Securities Litigation* (E.D. Va.) – MFS is co-lead counsel representing a class of investors of Xybernaut Corp. securities;

*Scapini v. Argentina* (S.D.N.Y.) – MFS is lead counsel representing a class of investors who purchased government bonds from Argentina;

*60223 Trust v. Goldman Sachs & Co.* – MFS is co-lead counsel representing a class of investors of Exodus Communications Inc. securities;

*In re General Motors Corp. Securities Litigation* (E.D. Mich.) – MFS is co-lead counsel representing a class of investors in General Motors securities;

*Amalgamated Bank v. The Coca-Cola Company* (N.D. Ga.) – MFS is co-lead counsel representing a class of investors of Coca-Cola securities;

*In re Harley-Davidson Securities Litigation* (E.D. Wis.) – MFS is co-lead counsel representing a class of investors in Harley-Davidson Company securities;

*In re Crompton Corp. Securities Litigation* (D. Conn.) – MFS is co-lead counsel representing a class of investors in Crompton Corp. securities.

**JUDICIAL COMMENDATIONS**

*In re General Motors Corp. Sec. Litig.*, 05-CV-8088 (S.D.N.Y. 2006), in which the Court, before appointing the firm lead counsel, stated: "we know Mr. Frank very well, so they are both esteemed and experienced attorneys in these matters, and I don't think anybody could go wrong with either one of them to be honest with you."

*Miller v. Bonmati,* Del. Ch., C.A. No. 15849, Lamb, V.C. (March 18, 1999), in which the Court stated "I am quite pleased by the work that was done by the plaintiffs' counsel. They seem to have done a very professional job of dealing with a difficult situation and have obtained, from everything I can ascertain from the record in front of me, quite a beneficial settlement that gives an opportunity for this situation to work itself out."

*Adair v. Bristol Tech. Systems, Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998) in which Judge Robert Sweet stated plaintiffs' counsel were "skilled advocates and negotiators."

*In re EIS International, Inc. Securities Litigation*, 97-cv-813 (D. Conn. 2006), in which the Court stated: "I wanted to compliment counsel . . . We have been together quite a long time in the case

4

and I appreciate all the fine legal work that you've done."

*Adair v. Microfield Graphics, Inc.* (D. Or. 1998), in a case that recovered 47% of estimated damages, the Court noted "Plaintiff's counsel have exhibited a high quality of work in prosecuting this action."

*Steffen v. Playmobil USA, Inc.*, Civ No. 95-2896 (E.D.N.Y.), in which the Court "compliment[ed] both counsel in the fine job done negotiating with each other and also the legal work that has been submitted to the Court."

*Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001), Judge Lisi expressed an "appreciation for how difficult this case was for all sides, for how hotly contested many of the issues in this case were from the get-go and how reaching a settlement, given all of those considerations, was particularly difficult; so I commend all of you for persevering in the efforts that you made toward reaching a settlement . . . [and] for achieving what I find to be a fair, adequate and reasonable result[.]"

**PRECEDENT SETTING DECISIONS**

In *Cambridge Biotech Corp. v. Deloitte and Touche LLP*, 6 Mass. L. Rptr. 367 (Mass. Super. Jan 28, 1997), on a case of first impression, the Superior Court of Massachusetts applied the doctrine of continuous representation for statute of limitations purposes to accountants for the first time in Massachusetts.

In *Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001), MFS successfully argued on a case of first impression in the District of Rhode Island for the pleading standard for claims against an auditor under the Private Securities Litigation Reform Act of 1995.

In *Feiner v. SS&C Tech., Inc.*, 11 F. Supp. 2d 204 (D. Conn. 1998), MFS prevailed on an issue of first impression concerning the liability of a qualified independent underwriter for an initial public offering.

In *Sclafani v. Barilla America, Inc.*, 2004-03542 (N.Y. App. Div.), MFS successfully argued before the Supreme Court's Appellate Division that General Business Law § 349(d) did not establish a complete defense to Plaintiff's allegation that Barilla's packaging misled consumers into believing the company's pasta was made in Italy, obtaining a reversal of a trial court dismissal.

In *Adair v. Bristol Tech. Sys., Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998), MFS prevailed on an issue of first impression in the Southern District of New York, successfully arguing that standing under the Securities Act of

1933 was not limited to buyers who purchased directly on an initial public offering. The opinion was subsequently cited in decisions and secondary sources over 70 times.

## THE PARTNERS

**BRIAN MURRAY**, a partner, was admitted to the bars of Connecticut in 1990, the State of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1991, the Second Circuit in 1997, the First and Fifth Circuits in 2000, and the Ninth Circuit in 2002. He received B.A. and M.A. degrees from the University of Notre Dame in 1983 and 1986, respectively. He received a J.D. degree, *cum laude*, from St. John's University School of Law in 1990. At St. John's, he was the Articles Editor of the ST. JOHN'S LAW REVIEW. Mr. Murray co-wrote: *The Proportionate Trading Model: Real Science or Junk Science?*, 52 CLEVELAND ST. L. REV. 391 (2004-05); *The Accident of Efficiency: Foreign Exchanges, American Depository Receipts, and Space Arbitrage,* 51 BUFFALO L. REV. 383 (2003); *You Shouldn't Be Required To Plead More Than You Have To Prove*, 53 BAYLOR L. REV. 783 (2001); *He Lies, You Die: Criminal Trials, Truth, Perjury, and Fairness*, 27 NEW ENGLAND J. ON CIVIL AND CRIMINAL CONFINEMENT 1 (2001); *Subject Matter Jurisdiction Under the Federal Securities Laws: The State of Affairs After Itoba*, 20 MARYLAND J. OF INT'L L. AND TRADE 235 (1996); *Determining Excessive Trading in Option Accounts: A Synthetic Valuation Approach*, 23 U. DAYTON L. REV. 316 (1997); *Loss Causation Pleading Standard*, NEW YORK LAW JOURNAL (Feb. 25, 2005); *The PSLRA 'Automatic Stay' of Discovery*, NEW YORK LAW JOURNAL (March 3, 2003); and *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004). He also authored *Lifting the PSLRA "Automatic Stay" of Discovery*, 80 N. DAK. L. REV. 405 (2004); *Aftermarket Purchaser Standing Under § 11 of the Securities Act of 1933*, 73 ST. JOHN'S L. REV. 633 (1999); *Recent Rulings Allow Section 11 Suits By Aftermarket Securities Purchasers*, NEW YORK LAW JOURNAL (Sept. 24, 1998); and Comment, Weissmann v. Freeman: *The Second Circuit Errs in its Analysis of Derivative Copyrights by Joint Authors*, 63 ST. JOHN'S L. REV. 771 (1989).

Mr. Murray was on the trial team that prosecuted a securities fraud case under Section 10(b) of the Securities Exchange Act of 1934 against Microdyne Corporation in the Eastern District of Virginia and he was also on the trial team that presented a claim under Section 14 of the Securities Exchange Act of 1934 against Artek Systems Corporation and Dynatach Group which settled midway through the trial.

Mr. Murray's major cases include *In re Eagle Bldg. Tech. Sec. Litig.*, 221 F.R.D. 582 (S.D. Fla. 2004), 319 F. Supp. 2d 1318 (S.D. Fla. 2004) (complaint against auditor sustained due to magnitude and nature of fraud; no allegations

7

of a "tip-off" were necessary); *In re Turkcell Iletisim A.S. Sec. Litig.*, 209 F.R.D. 353 (S.D.N.Y. 2002) (defining standards by which investment advisors have standing to sue); *In re Turkcell Iletisim A.S. Sec. Litig.*, 202 F. Supp. 2d 8 (S.D.N.Y. 2001) (liability found for false statements in prospectus concerning churn rates); *Feiner v. SS&C Tech., Inc.*, 11 F. Supp. 2d 204 (D. Conn. 1998) (qualified independent underwriters held liable for pricing of offering); *Malone v. Microdyne Corp.*, 26 F.3d 471 (4th Cir. 1994) (reversal of directed verdict for defendants); and *Adair v. Bristol Tech. Systems, Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998) (aftermarket purchasers have standing under section 11 of the Securities Act of 1933). Mr. Murray also prevailed on an issue of first impression in the Superior Court of Massachusetts, in *Cambridge Biotech Corp. v. Deloitte and Touche LLP*, in which the court applied the doctrine of continuous representation for statute of limitations purposes to accountants for the first time in Massachusetts. 6 Mass. L. Rptr. 367 (Mass. Super. Jan. 28, 1997). In addition, in *Adair v. Microfield Graphics, Inc.* (D. Or.), Mr. Murray settled the case for 47% of estimated damages.

Mr. Murray served as a Trustee of the Incorporated Village of Garden City (2000-2002); Commissioner of Recreation for Garden City (2001-2002); Commissioner of Police for Garden City (2000-2001); Member, Sports Law Committee, Association of the Bar for the City of New York, 1994-1997; and is currently a Member, Litigation Committee, Association of the Bar for the City of New York, 2003-present; and Member, New York State Bar Association Committee on Federal Constitution and Legislation, 2005-present.

Mr. Murray has been a panelist at CLEs sponsored by the Federal Bar Council and the Institute for Law and Economic Policy, at the German-American Lawyers Association Annual Meeting in Frankfurt, Germany, and is a frequent lecturer before institutional investors in Europe on the topic of class actions.

**MARVIN L. FRANK**, the managing partner, was admitted to the bars of New York, New Jersey, and the United States District Court for the District of New Jersey in 1991, the District of Nebraska in 2005, the United States District Courts for the Southern and Eastern Districts of New York in 1992, the Second Circuit in 1998, the Seventh Circuit in 1999, the United States Supreme Court in 2004, the Eastern District of Michigan in 2006, and the Northern District of Texas in 2006. Mr. Frank graduated with a B.A. degree from The City College of New York in 1969, a M.B.A. degree from Bernard M. Baruch College in 1974, and received his J.D. degree, *magna cum laude*, from New York Law

School in 1991. At New York Law School, he received the Kaplun Foundation Award For Academic Excellence.

Mr. Frank's major cases include *In re General Motors Corp. Sec. Litig.*, 05-CV-8088 (S.D.N.Y.), in which the Court, before appointing the firm lead counsel, stated "we know Mr. Frank very well, so they are both esteemed and experienced attorneys in these matters, and I don't think anybody could go wrong with either one of them to be honest with you"; *Sclafani v. Barilla America, Inc.*, 2004-03542 (N.Y. App. Div.), in which Mr. Frank successfully argued before the Supreme Court's Appellate Division that General Business Law § 349(d) did not establish a complete defense to Plaintiff's allegation that Barilla's packaging misled consumers into believing the company's pasta was made in Italy, obtaining a reversal of a trial court dismissal; *Miller v. Bonmati,* Del. Ch., C.A. No. 15849 (Lamb, V.C.) (Mar. 18, 1999), in which the Court stated "I am quite pleased by the work that was done by the plaintiffs' counsel. They seem to have done a very professional job of dealing with a difficult situation and have obtained, from everything I can ascertain from the record in front of me, quite a beneficial settlement that gives an opportunity for this situation to work itself out."; *In re JWP Inc. Sec. Litig.* (S.D.N.Y.) ($40 million); *In re Marion Merrell Dow Inc. Sec. Litig.* (W.D. Mo.) ($14 million); *In re PictureTel Inc. Sec. Litig.* (D. Mass) ($14 million); *In re ContiFinancial Sec. Litig.* (S.D.N.Y.) ($5.5 million); *In re Quintiles Transnational Sec. Litig.* (M.D.N.C.) ($3 million).

Mr. Frank is the firm's representative on the Executive Committee of the National Association of Shareholder and Consumer Attorneys (NASCAT). He is also Vice President of the Institute for Law and Economic Policy (ILEP), a public policy research and educational foundation – a think tank – established to preserve, study, and enhance access to the civil justice system by shareholders and consumers and is Vice President of the Emerald Green Property Owners Association in Rock Hill, New York.

Mr. Frank co-wrote *Staying Derivative Actions Pursuant to PSLRA and SLUSA*, NEW YORK LAW JOURNAL (Oct. 21, 2005) and the SECURITIES REFORM ACT LITIGATION REPORTER, Vol. 20, No. 3 (Dec. 2005). Mr. Frank has been a panelist at the American Banker's Association Operations Conference for Securities, Brokerage & Trust in Memphis, Tennessee; a panelist at the Magenta One Conference for Securities and Trust on the Isle of Jersey, United Kingdom; and a panelist at the Global Pensions' Conference on Shareholder Responsibility and Class Action Law in London.

**JACQUELINE SAILER**, a partner, was admitted to the bars of Delaware in 1990, the United States District Court for the District of Delaware in 1991, the State of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1996, the United States Court of Appeals for the Sixth Circuit and the United States District Court for the District of Colorado in 1997, the United States Court of Appeals for the Second Circuit in 1998, and the United States Supreme Court in 2005.  She graduated with honors from Smith College with a B.A. degree in 1985.  She received a J.D. degree from St. John's University School of Law in 1990.  Ms. Sailer is fluent in French.  She is a member of the Federal Bar Council; member, National Association of Consumer Advocates; and member, Association of the Bar for the City of New York, including the Sex and Law Committee, 1996-1999.  Ms. Sailer is the co-author of *Loss Causation Pleading Standards*, NEW YORK LAW JOURNAL (Feb. 25, 2005).

Ms. Sailer was responsible for the recovery of $40 million worth of benefits for a plaintiff class of wireless consumers in a consumer class action, *Naevus Int'l, Inc. v. AT&T Corp.*  Her major reported cases as lead counsel include *Naevus Intl., Inc. v. AT&T Corp.*, 713 N.Y.S.2d 642 (Sup. Ct. New York Co. 2000) (establishing limits on the reach of the Federal Communications Act on state consumer fraud claims), in which she successfully argued against a motion to dismiss on behalf of a class of current and former subscribers to AT&T's wireless service; and a federal securities class action: *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 999 F. Supp. 725 (S.D.N.Y. 1998) (denying underwriters' motion to dismiss securities fraud claims); *Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001) (addressing the pleading standard for fraud under the Private Securities Litigation Reform Act of 1995 for claims against an auditor, an issue of first impression in the District of Rhode Island), in which she successfully argued and opposed an auditor's motion to dismiss claims under Section 10(b) of the Securities Exchange Act of 1934.  At the fairness hearing in *Metro Global*, Judge Lisi expressed an "appreciation for how difficult this case was for all sides, for how hotly contested many of the issues in this case were from the get-go and how reaching a settlement, given all of those considerations, was particularly difficult; so I commend all of you for persevering in the efforts that you made toward reaching a settlement . . . [and] for achieving what I find to be a fair, adequate and reasonable result[.]"

Ms. Sailer's trial experience includes the prosecution of a breach of contract case that was tried successfully before a jury in the District of Delaware.

10

Currently Ms. Sailer's case responsibilities include serving as lead counsel and co-chairperson of the executive committee in securities fraud cases brought against Merrill Lynch & Co. based on fraudulent analyst reports, pending in the Southern District of New York.

**LAWRENCE D. MCCABE**, a partner, was admitted to the bars of the State of New York and the United States District Court for the Southern District of New York in 1995, and the United States District Court for the Eastern District of New York in 2001. Mr. McCabe received a B.A. degree, *cum laude,* from Iona College in 1984. He received his J.D. degree, *cum laude*, from Fordham University School of Law in 1994. At Fordham, he was a Notes & Articles editor of the Law Review. Upon graduation from Fordham, he was admitted into the Order of the Coif.

Mr. McCabe focuses his practice primarily on class actions on behalf of defrauded investors, derivative actions on behalf of corporate shareholders, as well as complex commercial litigation. His extensive securities fraud litigation experience includes significant settlements for class members in *In re Computer Associates 2002 Class Action Sec. Litig.* (common stock valued at approximately $165 million); *Scheiner v. i2 Tech., Inc.* (N.D. Tex.) ($87.75 million); *In Re Lason, Inc. Sec. Litig.* (E.D. Mich.) ($12.68 million); *In re Berkshire Realty Co. Shareholder Litig.* (Del. Ch.) ($6.25 million); *Dorchester Investors v. Peak TrENDS Trust* (S.D.N.Y.) ($4 million).

Upon graduation from college, Mr. McCabe worked as a securities trader, specializing in NASDAQ securities. After law school, Mr. McCabe practiced commercial litigation with Skadden, Arps, Slate, Meagher & Flom LLP. Mr. McCabe has been an active member of the plaintiffs bar since 2002 when he became associated with Milberg Weiss Hynes & Lerach LLP and later with Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

## THE ASSOCIATES

**GREGORY B. LINKH**, an associate, was admitted to the bars of the State of New York and the United States District Court for the Southern and Eastern Districts of New York in 2000. He graduated from the State University of New York at Binghamton with a B.A. degree in 1996 and received a J.D. degree from the University of Michigan in 1999. Mr. Linkh is the co-author of *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004); *Staying Derivative Action Pursuant to PSLRA and SLUSA*, NEW YORK LAW JOURNAL (Oct. 21, 2005) and the SECURITIES REFORM ACT LITIGATION REPORTER, Vol. 20, No. 3 (Dec. 2005). Prior to joining Murray, Frank & Sailer, Mr. Linkh was associated with the law firms Dewey Ballantine LLP and Pomerantz Haudek Block Grossman & Gross LLP.

**THOMAS J. KENNEDY**, an associate, was admitted to the bars of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1996. He received a J.D. degree in 1995 from St. John's University School of Law and a B.S. in Accounting from Miami University in 1992. Mr. Kennedy passed the CPA exam in 1998.

**BRIDGET V. HAMILL**, an associate, was admitted to the bars of the State of New Jersey in 2001 and the State of New York in 2005. She received a J.D. degree in 2000 from Rutgers School of Law and a B.A. from Douglass College of Rutgers University, where she was one of twelve members of her graduating class in the Douglass Scholars Academic Scholarship Program, in 1985. Her primary area of practice is securities class action. Prior to joining Murray, Frank & Sailer, Ms. Hamill was law clerk to U.S. Magistrate Judge Mark Falk in the District of New Jersey. While attending law school, she was an employee stock options/stock purchase plan administrator in New York City. Prior to entering law school, Ms. Hamill was a health care information systems manager.

**BRIAN BROOKS**, an associate, was admitted to the bar of the State of Louisiana in 2003. Mr. Brooks received a B.A. from Northwestern State University in 1998 and a J.D. from Washington and Lee University in 2002. Prior to joining Murray, Frank & Sailer he was associated with the firm of Percy, Smith & Foote, where his primary area of practice was antitrust law.

**OLGA FORT**, an associate, was admitted to the bar of the State of New York in 2005. She graduated from Fordham University School of Law with a Master of Laws degree in Banking, Corporate and Finance Law in 2004. She received a J.D. degree in 1998 from the Moscow Institute of Economics and Law and a B.A. degree in Commerce and Marketing from Moscow University for the Humanities in 1995. She attended the Russian State Institute of Intellectual Property from 1998 to 2000. She authored "International Exhaustion of Intellectual Property Rights," PATENT AFFAIRS, #8, Moscow, 2000 and Exhaustion of Intellectual Property Rights, RUSSIAN STATE INSTITUTE OF INTELLECTUAL PROPERTY JOURNAL, Moscow, 1999 (Thesis for and Presentation at the Conference on Legal Protection, Commercial Use and Problems associated with Intellectual Property organized by the Russian State Agency on Patents and Trademarks, December 16-17, 1999). While attending law school, Mrs. Fort clerked for a Judge in Moscow Military Court. She worked as a legal counsel for the Savings Bank of the Russian Federation where she specialized in banking, finance, and corporate law. Prior to joining Murray, Frank & Sailer, Mrs. Fort was associated with the Law Offices of Peter E. Finning, where her primary area of practice was insurance defense litigation. She is a member of the American Bar Association and New York State Bar Association.

**SCOTT H. LEVY**, an associate, was admitted to the New York bar in 2006. He received a B.A. degree in History from the University of California at Berkeley in 2001 and a J.D. degree from the Fordham University School of Law in 2005. At Fordham, he was a staff member of the FORDHAM URBAN LAW JOURNAL.

**EVA HROMADKOVA**, an associate, was admitted to the New York bar in 2005. She received an LL.M. degree in Corporate Law from NYU in 2004 and a Master's degree from Comenius University, Slovakia in 2001.

## OF COUNSEL

**DONALD J. WALLACE** was admitted to the New York bar in 1992. He earned a B.S. from the New York Institute of Technology in 1987 and a J.D. from St. John's University School of Law in 1991. While at St. John's, he was a member of the Law Review and was awarded the American Jurisprudence Award for Contracts I. He co-authored *You Shouldn't Be Required To Plead More Than You Have To Prove*, 53 BAYLOR L. REV. 783 (2001); *Jehovah's Witnesses and the Refusal of Blood Transfusions: A Balance of Interests*, 33 CATHOLIC LAWYER 361 (1991). Prior to entering law school, Mr. Wallace was a licensed stockbroker in Garden City, New York.

**JAMES M. MARRIN, JR.** was admitted to the bars of the State of New York in 2001 and the United States District Courts for the Southern and Eastern Districts of New York in 2005. He attended New York Law School on an academic scholarship and graduated *cum laude* in 2000. He graduated from Georgetown University with a B.A. in government in 1993. Mr. Marrin served as an Assistant District Attorney for Kings County from 2000 to 2003. From 2003 to 2005, he was in private practice, specializing in trusts and estates, real estate, and criminal defense.

**ANGELA M. FINLAY** was admitted to the Washington State bar in 2000. She received a J.D. from New York Law School in 1999 and a B.A. from Loyola College in Maryland in 1991. She holds a Certificate in Advanced Accounting from the University of Washington Business School.

**CHARLES CLAY CARROLL** was admitted to the bars of the State of Alabama and the United States District Courts for the Northern, Middle, and Southern Districts of Alabama in 2003, and the bar of the State of Kentucky in 2005. He earned his J.D. degree in 2002 from the University of Alabama, where he received the Balch & Bingham/Harold A. Bowron Award for Academic Achievement in Labor and Employment Law. After graduating from the University of Alabama with B.A. degrees in Political Economics (1994) and Geography (1995), Mr. Carroll earned graduate degrees in International Business Management from Schiller University and Heidelberg University in Germany in 1996; Public Administration from the University of Alabama in 1998; and Mediation and Conflict Resolution from Erasmus University in The Netherlands in 1999.

**NEIL GANDHI** was admitted to the New Jersey State bar in 2005 and the New York State bar in 2006. He received a B.A. degree in Economics and History from New York University in 2001 and a J.D. degree from Fordham Law School in 2005. At Fordham, he was an associate editor of the Fordham Intellectual Property, Media, and Entertainment Law Journal. While in law school, Mr. Gandhi interned at the New York Stock Exchange.

**KEITH E. GITMAN** was admitted to the Florida Bar in 2007. He received a J.D. degree from Brooklyn Law School in 2003 and a B.A. degree in Policy Studies, with a concentration in Society and the Legal System, from the Maxwell School of Citizenship and Public Affairs at Syracuse University in 1999.

**ROBERT HOLLAND** was admitted to the Oklahoma Bar in 2000. He received a J.D. degree from the University of Tulsa College of Law in 1993 and graduated from the University of Tulsa with a B.A. degree in Arts in 1982.

**WILLIAM BURAKOFF** was admitted to the State Bar of California in 1987. He received a J.D. degree from the University of Michigan Law School in 1987 and graduated from Williams College in 1982 with a B.A. degree in American Civilization.

**R. MICHAEL CADDELL, JR.** was admitted to the Alabama State bar in 1997. He received a J.D. degree from the Cumberland School of Law at Samford University in 1997 and graduated from the University of Alabama with a B.A. degree in Political Science in 1994.

**TIMOTHY P. WASYLUKA, JR.** was admitted to the Alabama State Bar in 2004. He received a J.D. degree from the Cumberland School of Law at Samford University in 2004 and graduated from Mississippi State University with a B.A. degree in Political Science in 2001.

**KENYA L. MARSHALL** was admitted to the Louisiana Bar in 2004. She received a J.D. from Southern University Law Center at Baton Rouge in 2003 and graduated from the University of Alabama with a B.A. degree in English and Political Science in 1997.